**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO WILLS,

    Defendant - Appellant.

No. 19-3029
(D.C. No. 2:03-CR-20148-JWL-JPO-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

While serving his second term of supervised release in Kansas, Antonio Wills

possessed cocaine with intent to distribute it and possessed a firearm despite his

status as a convicted felon. As a result, the Kansas federal district court revoked his

supervised release and imposed a forty-six-month prison sentence. He appealed.

After a limited remand based on statutory and sentencing-guideline amendments, the

district court reduced Wills's forty-six-month sentence to ten months—the time Wills

requested. Despite this, Wills has continued his appeal, leading his counsel to file an

*Anders* brief asking to withdraw because she sees no nonfrivolous bases for appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*See Anders v. California*, 386 U.S. 738 (1967). After reviewing the record, we grant counsel's motion to withdraw and dismiss the appeal.

## BACKGROUND

In 2005, a Kansas district court sentenced Wills to 210 months in prison and five years of supervised release after he pleaded guilty to "possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base, a Class A felony." R. vol. 1 at 33–35 (capitalization omitted). In view of amendments to the sentencing guidelines, the district court reduced this sentence in 2008 and again in 2011, ultimately leaving Wills with a 125-month sentence, to be followed by five years of supervised release. In July 2013, Wills began serving his first round of supervised release. In August 2013, Wills assaulted his live-in girlfriend and threatened her with a knife, leading the district court to revoke his supervised release and sentence him to an additional eighteen months in prison, this time to be followed by thirty-six months of supervised release.

In November 2014, Wills began serving his second term of supervised release, but again he failed to stay out of trouble. In March 2016, he was indicted in the Western District of Missouri for possession with intent to distribute cocaine and for possession of a firearm despite his status as a convicted felon. This conduct led the Kansas district court to again revoke Wills's supervised release.[1] But because Wills was held in Missouri pending federal charges, the Kansas authorities "lodged" the

---

[1] The Probation officer previously sought revocation of his release in January 2016 for failing a drug test and not responding to the officer.

revocation arrest warrant "as a hold" until the Missouri proceedings concluded. R. vol. 1 at 67.

In February 2018, Wills pleaded guilty to both counts in Missouri and was sentenced to 228 months in prison, with six years of supervised release, to be served consecutively with his eventual Kansas sentence. In January 2019, the Kansas district court held its revocation hearing, at which Wills stipulated to having committed a "Grade A" supervised-release violation. R. vol. 2 at 8–9. Based on Wills's Grade A violation, his 2004 underlying Class A felony, and his criminal-history category of V, the Kansas district judge imposed a forty-six-month sentence.[2] *See* U.S. Sentencing Guidelines Manual § 7B1.4 (U.S. Sentencing Comm'n 2010). The judge ordered that this sentence run consecutively to the Missouri sentence, rejecting Wills's request for a concurrent sentence.[3]

Wills timely appealed the forty-six-month sentence, and we remanded for the district court to consider intervening statutory and sentencing-guideline amendments. On remand, Wills argued for a sentence reduction on two grounds: First, he argued that the First Step Act made the Fair Sentencing Act retroactive, *see* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (to be codified at 21

---

[2] The sentence was at the low end of the advisory guidelines range, which called for a forty-six to fifty-seven-month sentence. *See* U.S. Sentencing Guidelines Manual § 7B1.4(a) (U.S. Sentencing Comm'n 2010).

[3] The judge also rejected Wills's alternative request for a twenty-four-month consecutive sentence.

U.S.C. § 841 note), meaning his 2004 felony conviction was reduced from a Class A to Class B felony.[4] *See* 21 U.S.C. § 841(b)(1)(B) (defining the maximum penalty for Wills's 2004 conviction as forty years); 18 U.S.C. § 3559(a)(2) (defining a sentence that is less than life in prison but more than twenty-five years as a "Class B felony"). Wills argued that this reduced the guidelines sentencing range from forty-six to fifty-seven months, to thirty to thirty-seven months, *see* U.S. Sentencing Guidelines Manual § 7B1.4(a), and that it also reduced the statutory maximum for his supervised-release violation from sixty months to thirty-six months, *see* 18 U.S.C. § 3583(e)(3). Second, Wills argued that his original 125-month sentence should be reduced to 105 months based on updated guidelines made retroactive by the First Step Act. Adding these two reductions—sixteen months on the revocation sentence and twenty months on the original sentence—Wills asked the district court to reduce his forty-six-month sentence to ten months.[5] On July 23, 2019, the court granted his request.

After receiving his requested sentence reduction, Wills filed a status report on July 29, 2019 indicating that he would dismiss this appeal. *See* Status Report at 1 ("Mr. Wills indicated that, in light of his reduced sentence, he no longer wishes to

---

[4] The Fair Sentencing Act of 2010 § 2, 21 U.S.C. § 841(b)(1)(A)(iii), increased the grams of cocaine required to receive a life sentence from 50 to 280. In 2004, Wills was convicted with 50 grams of cocaine, meaning that when he received his original sentence, the maximum penalty was life in prison.

[5] We do not address the issue of whether it is proper to retroactively reduce a sentence that has already been served. No party challenged the twenty-month reduction of Wills's already-served original sentence.

pursue this appeal."). Despite this indication, Wills has not dismissed the appeal, leading his counsel to file an *Anders* motion. Wills has not filed a response.

## DISCUSSION

Per *Anders*, appellate counsel can "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).

> Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citations omitted) (citing *Anders*, 386 U.S. at 744).

Here, counsel asserts two reasons for finding no nonfrivolous bases for appeal. First, a challenge to the revocation of Wills's supervised release would be frivolous because he stipulated to violating his mandatory supervised-release conditions—as bolstered by his Missouri convictions for the same conduct. Second, Wills asked for the ten-month sentence he received from the district court, thus inviting any potential error. Further, Wills's appeal centers around his prior forty-six-month sentence, not his reduced sentence of ten-months, which is well below the statutory maximum.

## I.     The District Court Properly Revoked Wills's Supervised Release.

We review a revocation of supervised release for "abuse of discretion." *United States v. Metzener*, 584 F.3d 928, 932 (10th Cir. 2009). District courts can revoke

5

supervised release "if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Here, the district court did not abuse its discretion in revoking Wills's supervised release. Among the mandatory conditions of his release was that "defendant shall not commit another federal, state, or local crime." R. vol. 1 at 64. With both Wills's stipulation to a Grade A release violation at the revocation hearing and his Missouri federal convictions for possessing cocaine with intent to distribute it, and for possessing a firearm despite his status as a felon, the district court properly found by a preponderance that Wills violated a condition of his supervised release. Therefore, we agree with counsel that "there is no basis to challenge Mr. Wills'[s] revocation on appeal." *See Anders* Br. 11.

## II. Appealing the New Sentence Would Be Frivolous Because Wills Asked for the Ten-Month Sentence.

The invited-error doctrine "precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt." *United States v. Sturm*, 673 F.3d 1274, 1281 (10th Cir. 2012) (citing *United States v. Visinaiz*, 428 F.3d 1300, 1310–11 (10th Cir. 2005)). Here, in his "Unopposed Motion for Reduced Sentence Under the First Step Act," Wills requested that the district court "impos[e] a new sentence of 10 months for his supervised-release violation to be served consecutive to [his] 228-month sentence imposed in his . . . Missouri case." Suppl. R. at 17–18. This shows that Wills specifically asked for the sentence that he received, thus

6

inviting any potential error in that sentence.[6] As a result, we agree with counsel that any challenge to that sentence would be frivolous.

## CONCLUSION

For the foregoing reasons, we grant counsel's *Anders* motion to withdraw as Wills's counsel and dismiss the appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge

---

[6] Counsel's *Anders* brief notes that Wills appealed the forty-six-month sentence, not the ten-month sentence, and that the sentence does not exceed the statutory maximum for revocation. While these may provide further reasons to dismiss Wills's appeal, we see no need to consider these arguments given our invited-error analysis.